J-S91038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYE EDWIN HOLLOWAY | : | |
| | : | |
| Appellant | : | No. 297 MDA 2016 |

Appeal from the PCRA Order January 27, 2016
In the Court of Common Pleas of Columbia County
Criminal Division at No(s):  CP-19-CR-0000067-2014

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS[*], P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:            **FILED JANUARY 27, 2017**

Tye Edwin Holloway ("Appellant") appeals from the order entered in the Court of Common Pleas of Columbia County dismissing his petition for collateral relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant's counsel has filed a petition for leave to withdraw as counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988), and Appellant has filed a pro se motion for the substitution of appointed counsel.  We affirm the order denying Appellant post-conviction relief, grant counsel's petition to withdraw, and deny Appellant's pro se motion for substitution of appointed counsel.

---

* Former Justice specially assigned to the Superior Court.

On March 10, 2014, Appellant entered an open guilty plea to possession with intent to deliver ("PWID"), two counts of possession of a small amount of marijuana, criminal trespass, and two counts of defiant trespass and recklessly endangering.[1]  On March 27, 2014, the trial court sentenced him to a standard range sentence of 16 to 48 months' incarceration, boot camp eligible, with the other sentences running concurrently.

Appellant filed no direct appeal.  On January 28, 2015, Appellant filed a timely *pro se* PCRA petition.  The PCRA court appointed counsel and presided over a hearing dated January 20, 2016, at which Appellant complained about some of the circumstances surrounding his decision to plead guilty to PWID.  1/20/16 at 3-4.  Specifically, Appellant testified:

> **APPELLANT**:  The reason why I filed this [PCRA petition] is due to the fact that my previous lawyer, Leslie Bryden, didn't hear the facts of the case and, also, didn't check into as far as the CIs that were used in my case like the CIs that were used in my case were junkies as well, they get high.  The one actually got arrested a month and five days after I got arrested.  And the things that I pointed in the case it just doesn't make sense like I feel as if I shouldn't have got [sic] the time that I got because there was so much – I can't really say foul play but there was so many things in the case that it should have never happened.  And due to everything that they say that happened and stuff really didn't happen.  Like it was more the confidential informants that were used than me.

N.T. at 3-4.

---

[1] 35 P.S. §§ 780-113(a)(30) and (a)(16), 18 Pa.C.S.A. §§ 3503(a)(1), 3503(b)(1)(v), and 2705, respectively.

On cross-examination, Appellant conceded that he pled guilty of his own free will and completely understood the elements of his crimes and the consequences of entering a plea. N.T. at 4-9. Plea counsel also testified that Appellant entered his plea voluntarily and intelligently, without the influence of coercion or false promises. N.T. at 9-11. On cross-examination, counsel denied advising Appellant that his was not a case to be tried. Instead, she testified that she discussed with him the factors surrounding his arrest at a methamphetamine lab and explained that many confidential informants whom juries deem credible are, themselves, drug users. N.T. at 13. The decision of whether to proceed to trial or plead guilty, however, remained with Appellant, she insisted. *Id*.

The PCRA court recalled going over the plea colloquies with Appellant and ascertaining that Appellant was entering a knowing and voluntary plea. N.T. at 14. Finding plea counsel's testimony before it both credible and consistent with its own recollection of Appellant's plea, as well, the court concluded there was no basis for Appellant's PCRA claim and dismissed his petition. This timely appeal followed.

Appellant presents the following question for our review:

> WHETHER THE DEFENDANT'S APPEAL OF THE DENIAL OF HIS PCRA PETITION IS WHOLLY WITHOUT MERIT?

Appellant's brief at 5.

Our standard of review of a PCRA court's denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by

the record evidence and free of legal error. ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa.Super. 2003) (*en banc*). Before we review Appellant's claim, however, we must ascertain whether counsel satisfied the requirements to withdraw. ***Commonwealth v. Freeland***, 106 A.3d 768, 774-75 (Pa.Super. 2014). The Court in ***Freeland*** explained:

> The ***Turner***/***Finley*** decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, ***see Turner***, *supra,* then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit. ***See*** [***Commonwealth v.***] ***Pitts***[, 603 Pa. 1, 3 n.1, 981 A.2d 875, 876 n.1 (2009)].
>
> In ***Commonwealth v. Friend***, 896 A.2d 607 (Pa.Super. 2006) ***abrogated in part by Pitts***, ***supra***, this Court imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. Pursuant to ***Friend***, counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney. Though Chief Justice Castille noted in ***Pitts*** that this Court is not authorized to craft procedural rules, the Court did not overturn this aspect of ***Friend*** as those prerequisites did not apply to the petitioner in ***Pitts***. ***See Pitts***, ***supra*** at 881 (Castille, C.J., concurring).
>
> After the decision in ***Pitts***, this Court held in ***Commonwealth v. Widgins***, 29 A.3d 816 (Pa.Super. 2011), that the additional procedural requirements of ***Friend*** were still applicable during collateral review.

*Id.*

Here, counsel submitted his ***Turner/Finley*** letter as a brief pursuant to the requirements of ***Anders v. California***, 386 U.s. 738 (1967). The procedure to withdraw from a direct appeal imposes stricter requirements than those imposed in a ***Turner/Finley*** situation. ***Commonwealth v. Fusselman***, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004). Although counsel's statement of the question presented couches the issue as whether the appeal is meritless, the brief's argument section identifies and addresses the issue that Appellant wishes to raise.

Counsel sent Appellant a letter informing him of his rights, pursuant to ***Friend***, and referencing the withdrawal petition and brief as being enclosed. Neither the petition nor brief, however, contain proof of service on Appellant. Moreover, at the conclusion of counsel's ***Friend*** letter, dated August 12, 2016, he incorrectly advised Appellant, "If I am granted leave to withdraw and you still wish to proceed with an [a]ppeal, you may hire private counsel or represent yourself." In light of counsel's incorrect advice, this Court entered its Order of August 19, 2016, informing Appellant that he could file his response to counsel's "no-merit" letter, either *pro se* or via privately retained counsel, within 30 days. Appellant subsequently filed a *pro se* application for relief, requesting new appointed counsel and discovery.

Based on this procedural history, we conclude that counsel's ***Turner/Finley*** no-merit letter complies with all pertinent requirements. ***See Freeland***, 106 A.3d at 774-75. Accordingly, we conduct our own

independent evaluation of the record to ascertain whether we agree with counsel that Appellant is not entitled to relief. *See id.*

Appellant's claim that plea counsel induced him to enter an unknowing plea asserts the ineffective assistance of counsel. We presume counsel is effective. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) that counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." *Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A claim will be denied if the petitioner fails to meet any one of these requirements. *Commonwealth v. Springer*, 961 A.2d 1262, 1267 (Pa.Super. 2008) (citing *Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007)); *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa.Super. 2008).

In addressing Appellant's claim of an involuntarily made guilty plea, the PCRA court considered the testimony of both plea counsel and Appellant, and it drew upon its own recollection of having conducted a thorough plea colloquy during which Appellant demonstrated an understanding of what he was doing. The PCRA court, therefore, concluded that Appellant entered his

guilty plea voluntarily, knowingly, and intelligently. We agree with the PCRA court's findings, which are supported by the record and free of legal error, and discern no merit with Appellant's claim. [2]

PCRA order denying relief based on allegations of ineffective assistance of counsel in inducing an unknown guilty plea is Affirmed. Counsel's petition to withdraw is Granted. Appellant's *pro se* application for substitution of appointed counsel is Denied.

_____

[2] Additionally, we deny Appellant's petition for substitution of appointed counsel. This Court has previously held that

> when counsel has been appointed to represent a petitioner in post-conviction proceedings as a matter of right under the rules of criminal procedure and when that right has been fully vindicated by counsel being permitted to withdraw under the procedure authorized in [**Turner**/**Finley**], new counsel shall not be appointed and the petitioner, or appellant must thereafter look to his or her own resources for whatever further proceedings there might be.

**Commonwealth v. Rykard**, 55 A.3d 1177, 1183 n.1 (Pa.Super. 2012), quoting **Commonwealth v. Maple**, 559 A.2d 953, 956 (Pa.Super. 1989). Here, we permit PCRA counsel to withdraw pursuant to **Turner**/**Finley** after reviewing the record and concluding that no arguably meritorious claims exist. Accordingly, Appellant is not entitled to the appointment of new counsel to pursue his PCRA appellate claims, as he was required, instead, to look to his own resources to retain new counsel, or proceed *pro se*, as we advised him by our Order of August 19, 2016. **See Rykard**. As such, we deny Appellant's petition for the appointment of new counsel to represent him on the present appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2017